GUZMÁN BENÍTEZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 9.—Decided June 1, 1905.

POWER OF ATTORNEY—ATTORNEY IN FACT—PRINCIPAL.—Where an attorney in fact is authorized to constitute, assign, subrogate, accept, reduce, modify and cancel mortgages, annuities, or any kind or class of property rights, he has ample power to constitute a mortgage upon a mortgage right belonging to his principal.

STATEMENT OF THE CASE.

The hearing has been had in this appeal taken by Attorney José de Guzmán Benítez from a decision of the Registrar of

Property of Caguas refusing to record an assignment of a mortgage on two rural estates.

By a public deed executed in the city of Caguas before Rafael Arce Rollet, an attorney and notary of said town, on April 30th last, Francisco Ramis y Borrás, in his own right and as the attorney in fact of his sister, María Antonia Ramis y Borrás, by virtue of the power which, with others, she had conferred upon him, in the town of Yuca, in the Balearic Islands, on November 4, 1898, before Notary Jaime Vidal y Jaume, confessed that he owed Attorney José de Guzmán Benítez the sum of $4,000 for fees earned in the testamentary proceedings of Gerónima Ginart y Andreu, binding himself to pay this sum within the period of seventy-five natural days from that date, mortgaging in his favor to secure the payment the mortgage right which he and his said sister had on two rural estates situated in the *barrio* of Bairoa, in the municipal district of Caguas, by deed in their favor executed in said city of Caguas before Francisco Jiménez Prieto, a notary, on July 29, 1893, and upon presenting a certified copy of this instrument to the Registrar of Property of Caguas for record the registrar refused to admit it to record for the reasons stated in the decision placed at the foot thereof, which reads as follows:

"The foregoing document is not admitted to record and a cautionary notice is entered in place thereof, to be effective during one hundred and twenty days, at folios 228 and 162, reverse side, of volumes 12 and 14 of this city, estates 447 duplicate and 726, entries letters B and E, respectively, on account of the incurable defect of the party executing it not appearing from the instruments presented to have sufficient capacity to assign the mortgage which is the object of this document, because according to the power of attorney given by María Antonio Ramis y Borrás, said Francisco Ramis y Borrás is granted among other powers, as literally stated, 'the power to accept mortgages or place them on any property or rights, as security for sums loaned and their interest, extending them to the fulfillment of any agreement or stipulations' * * *; the clause transcribed serves

solely to confer upon him power to guarantee by mortgage sums loaned him and interest thereon, whatever the agreements or stipulations entered into for the collection of the sums loaned might be, and for this reason said clause adds 'making it extensive to the fulfillment, etc., etc.,' and does not say 'making it extensive to the constitution of other obligations,' as it should have provided in order to be understood differently, and by these added words it has been sought to lay down rules as to the scope of the powers of the attorney in fact with respect to the execution of the mortgages mentioned, which do not extend to the security of obligations of a different character, such as the submortgage which it is sought to constitute in favor of José de Guzmán Benítez to guarantee the payment to him of the sum of $4,000, for account of Juan Salvá y Ginart, Pascual Borrás y Llacer, Juana Borrás Ginart and Evaristo Fernández Alonso. In addition, the deed of assignment contains the curable defects of not showing the age, civil status and domicile of María Antonia Ramis y Borrás and of the debtors. These cautionary notices were entered after examining a copy of the power of attorney of November 4, 1898, executed before Jaime Vidal y Jaume, a notary of the town of Yuca, Balearic Province, Spain.—Caguas, May 12, 1905. S. Abella Bastón, Registrar.''

From this decision Attorney José de Guzmán Benítez took this appeal to the Supreme Court, praying that said decision be set aside and the registrar ordered to record the instrument.

The general power of attorney executed in favor of Francisco Ramis by his sister María Antonia Ramis y Borrás, in the town of Yuca, Balearic Islands, on November 4, 1898, to which the registrar alludes in his decision, in addition to granting him special power to ''place and receive sums as loans, at the interest and under the conditions which he might consider proper, accepting mortgages or placing them on any property or rights which the parties may have in the said Island of Porto Rico, to secure the sums loaned and the interest thereon, extending them to the fulfillment of any agreements or stipulations,'' expressly authorizes him to ''impose, assign, subrogate, accept, reduce, modify and can-

cel mortgages, annuities (*censos*), and all kinds of property rights.''

*Mr. José de Guzmán Benítez* for appellant.

Mr. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

Francisco Ramis being authorized, as he is, by his sister, María Antonia Ramis y Borrás, under the power of attorney which she granted him in the town of Yuca, of which mention has just been made, to impose, assign, subrogate, accept, reduce, modify and cancel mortgages, annuities (*censos*), and all kinds of property rights, independently of the special power granted him to place and receive loans of money and to constitute the mortgages which might be necessary to secure such loans, has full power to assign the mortgage right pertaining to them under the deed of July 29, 1893, by the power of attorney executed in his favor by Gerónima Ginart y Andreu and her daughters Carolina and Juana Ginart y Borrás, upon the two estates described in said deed, and consequently there exists no incurable defect preventing its admission to record in the registry of property, as the, registrar states in his decision.

The decision entered by the Registrar of Property of Caguas at the end of the mortgage deed in question, refusing to admit it to record, is set aside, and the registrar is directed to record it in accordance with the law. The documents presented are ordered returned to the registrar with a certified copy of this decision for compliance therewith, and other. proper purposes.

Justices Hernández, Figueras, MacLeary and Wolf concurred.